IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIAM LEE FARLEY,

    Plaintiff,

v.                                                    CASE NO. 1:15-cv-20-MP-GRJ

STATE OF FLORIDA,

    Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

This case is before the Court for screening of Docs. 1, a *pro se* prisoner civil rights Complaint, and Doc. 8, Plaintiff's First Amended Complaint.  Plaintiff has also moved for leave to proceed as a pauper, Doc. 2.  Leave to proceed as a pauper will be granted for the limited purpose of dismissing this case.[1]

Plaintiff's First Amended Complaint is deficient because he failed to use the Court's form for prisoner civil rights complaints. Doc. 8.  The Court will not require Plaintiff to correct this deficiency because it is clear that this case is due to be dismissed pursuant to 28 U.S.C § 1915(e)(2)(B) because Plaintiff seeks monetary relief against defendants who are immune from such relief.

Plaintiff's claims stem from events that occurred while he was confined in the

---

[1]At the time the Complaint was filed, Plaintiff was confined at the Gainesville Detention Center, but shortly thereafter he was released and resided for a time at Grace Marketplace.  Doc. 1 at 8.  After court mail was returned as undeliverable, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute.  Doc. 5.  Plaintiff filed a response stating that he is now confined at the Putnam County Detention Center.  Doc. 7.  The Court will not assess a filing fee pursuant to 28 U.S.C § 1915(b), because it is clear that Plaintiff has no assets from which to satisfy a fee order and his custodial history suggests that the imposition of an installment fee order would be pointless.

Putnam County Jail on a disorderly intoxication charge.  The only named Defendants are Putnam County Judge Joe Boatright and Alachua County Judge Miller.  Doc. 8 at 3.  According to Plaintiff, in January 2015 he received a sentence of time served in Putnam County for the disorderly intoxication charge.  However, before being released Plaintiff was served with an Alachua County warrant for failure to appear on a trespassing charge.  Plaintiff was kept in the Putnam County Jail, and the following day he had a first appearance before Judge Joe Boatright on the Alachua County warrant.  Judge Boatright informed Plaintiff of his bond amount and also informed him that the Alachua County Sheriff had 10 days to extradite Plaintiff for the Alachua County charges.  Plaintiff was transported to Alachua County, and on or about January 28, 2015, he went before Judge Miller for another first appearance hearing on the trespassing charge.  Doc. 8 at 4-5.  Plaintiff subsequently received a sentence of time served for that charge.  Doc. 7.

Plaintiff alleges that his constitutional rights were violated by having "two first appearances" on the Alachua County trespassing charge.  Plaintiff complains that he is "seriously injured by the action of two different judges who each arbitrarily and with injustice conducted first appearance hearings in the same case[.]" Doc. 8 at 5.  For relief, Plaintiff seeks $30,000 in compensation.  *Id*.

Plaintiff's claim for damages against the county judges presiding over his misdemeanor cases is barred because a judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000), *quoting Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).  Absolute judicial immunity,

like other forms of immunity, means a judge is immune "from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 12 (1991).  The allegations of the Complaint do not suggest that either judge acted in clear absence of all jurisdiction by conducting first appearances on Plaintiff's Alachua County trespassing charge.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss the complaint if it fails to state a claim upon which relief may be granted or seeks relief against an individual who is immune from suit.  Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given."  See Fed.R.Civ.P. 15(a).  Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182. Plaintiff has availed himself of the opportunity to amend his Complaint.  The allegations of the Complaint and First Amended Complaint do not suggest that Plaintiff could allege any facts that would overcome the defendant judges' absolute immunity from suit.  *See* Docs. 1, 8.  It is clear that the facts and circumstances relied upon by Plaintiff are not a proper subject for relief in a civil rights complaint, and amendment would be futile.

Accordingly, it is **ORDERED** that the motion for leave to proceed as a pauper, Doc. 2, is **GRANTED**.  It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(iii) because Plaintiff seeks monetary relief from defendants who are immune from such relief.

**IN CHAMBERS** at Gainesville, Florida, this 1st day of April 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.